(37 Misc. Rep. 36)

## DUNBAR v. CUBAN LAND & STEAMSHIP CO.

(City Court of New York, General Term. February, 1902.)

CONTRACT OF EMPLOYMENT—TERMINATION.
   Where plaintiff is employed for an indefinite time at a fixed weekly
   sum, the contract may be determined by either party at the expiration
   of any week.

Appeal from trial term.

Action by Walter S. Dunbar against the Cuban Land & Steamship Company. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed on condition.

Lewis F. Wilson (C. Walter Artz, of counsel), for appellant.

Kenneson, Crain, Emley & Rubino (Thaddeus D. Kenneson, of counsel), for respondent.

O'DWYER, J. The jury have found that the plaintiff's employment was for an indefinite period, at a weekly compensation; that he performed services thereunder between January 13, and November 8, 1900 (forty-two weeks and five days); and that he is entitled to recover therefor at the rate of $40 a week, less the amount paid on account, leaving a balance due, with interest thereon, of $1,630.71.

It appears that the plaintiff was employed by the treasurer of the defendant to go to Cuba, and to make confidential reports, exhaustively covering all the work of the company in Cuba, and of the work and conduct of its various employés, and also to write for the company a little pamphlet or small book, which might be used by the company for advertising purposes; that pursuant to this employment plaintiff went to Cuba, and remained there until June 24, 1900, when he forwarded to the defendant his final confidential report, which was received July 11th. On July 14th the defendant's treasurer wrote the plaintiff as follows:

"I have received several communications from you lately, and I must confess that I cannot understand why you continually write to this office. Of course you thoroughly understand that you are not in the employ of this company, and have not been for many months past. This I wish to impress upon your mind forcibly, as from letters I have received from you I would judge that you were under the impression that you are still in our employ."

To this letter the plaintiff replied, under date of August 20, 1900, as follows:

"I use the first few cents I can spare for postage, to reply to your letter of July 14, signed by 'Egmont Mollenhauer, Treasurer,' in which you make the claim that I am not in your employ, and that I have not been for 'many

months.' Of course, I thoroughly understand that I am and have been in your employ since the making of my contract in your office on January 13 last; that I have kept my part of the contract, while you have broken yours; and that I will be in your employ until I am paid my salary and expenses in full, and enabled to return to New York at the company's expense. Your letter of July 14 is, of course, a refusal to pay me the balance of the money due me, and I shall therefore take immediate steps to collect it."

Under the terms of the contract of hiring, as found by the jury, plaintiff was employed for an indefinite period, at an agreed compensation of $40 per week. An employment of this nature is from week to week, and may be terminated by either party at its pleasure, at the expiration of any week. The letter of July 14th is perfectly clear in its terms, and could not be misunderstood by the plaintiff. That it was understood is apparent from his reply, but he erroneously denies the right of the defendant to discharge him until he is paid his salary and expenses in full. The plaintiff, on June 24th, had finished all he could do under his appointment, and was ready to show a complete performance of the contract undertaken by him, and mailed his final confidential report to the defendant company, and defendant's letter of July 14th notified him of his discharge, and his employment under his original contract, upon receipt of that notice, terminated. He attempted to show a continued employment during the summer of 1900, by the performance of certain services at the request of one Arnold Mollenhauer. Such services, even if rendered, would not continue plaintiff's employment under his original hiring, and were not under the terms of his original employment, the work under which was completed and the employment ended.

In this action the plaintiff can only recover to the date of his discharge. Allowing a week for the letter of July 14th to reach the plaintiff, he was then discharged on July 21st, and it follows that the judgment must be modified by deducting therefrom salary between that date and November 8th, with interest on that amount from November 8th to the date of the trial hereof.

I have examined with some care the exceptions taken during the trial, but am of opinion that no error was committed, presented by an exception, that requires a reversal of this judgment. The appeal from the order denying a motion for a new trial presents the error heretofore discussed.

Judgment reversed, and new trial ordered, unless plaintiff stipulates, within 10 days, to reduce his recovery herein to the sum of $962.71, in which event, judgment, as reduced, will be affirmed, without costs.

HASCALL, J., concurs.

Judgment reversed, and new trial ordered, unless plaintiff stipulates, within 10 days, to reduce his recovery to $962.71, in which event judgment, as reduced, affirmed, without costs.